OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Prior to 1990, all Consolidated Edison’s real property used in connection with its utility business was designated as "utility real property” (RPTL 1801 [c]), and classified as "class three” property for tax purposes (RPTL 1802 [1]). In 1989, however, the Legislature narrowed the definition of "utility real property” by providing that it would no longer include those types of property described in RPTL 102 (12) (a) and (b) (L 1989, ch 143, § 2, eff Jan. 1, 1990). The effect of this change was to shift such property from "class three” to "class four” (RPTL 1802 [1]), thereby effectively reducing the tax burden *796 on it. On this appeal, Con Edison contends that the City of New York too narrowly construed the scope of the 1989 amendment when it declined to reclassify certain of its generation, transmission, distribution and storage equipment as "class four” property. We disagree.
Nothing in the language or legislative history of the 1989 amendment indicates that the Legislature ever contemplated that the utility-related equipment that Con Edison argues should have been reclassified by the City would be regarded as falling within the scope of RPTL 102 (12) (a) or (b). Rather, by all indications, it appears that the City correctly viewed that property as coming within the ambit of RPTL 102 (12) (e) or (f), and therefore as remaining unaffected by the 1989 amendment (see, Mem of Senate Rules Comm, Bill Jacket, L 1989, ch 143 [noting that under the proposed legislation "lands and buildings owned by utilities in * * * New York City (would) be taxed as class four * * * property while other utility property (would) remain in class three” (emphasis added)]; Assembly Mem in Support, Bill Jacket, L 1989, ch 143 [same]).
Con Edison’s contention that our decision in Matter of Consolidated Edison Co. v City of New York (44 NY2d 536) dictates a contrary result is unpersuasive. As the courts below aptly observed, that case — which concerned only whether certain utility-related property could be taxed as real property —was decided more than three years prior to the adoption of the presently controlling statutory classification scheme for the taxation of real property in New York City (L 1981, ch 1057 [adding article 18 to the RPTL]), and therefore cannot be said to be dispositive of the question presented here.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.